UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO JUAREZ, | No. C-11-3461 EMC (pr) |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL** |
| PRISON'S CEO, *et al.*, | |
| Respondent. | |

Gilberto Juarez, a prisoner incarcerated at the Correctional Training Facility in Soledad, California, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1995 drug conviction from the Santa Clara County Superior Court. The petition is not his first federal habeas petition concerning his 1995 conviction. His earlier habeas petition in *Juarez v. Director of Corrections*, No. C 05-0019 RMW, was dismissed as barred by the habeas statute of limitations on July 11, 2008.[1] The Ninth Circuit denied a certificate of appealability on December 22, 2010 when Juarez attempted to appeal.

A second or successive petition may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). This rule applies when the previous petition

---

[1] Although much of the petition in this action is incoherent, the court has been able to determine that the petition challenges the same conviction as that challenged in the 2005 action due to certain commonalities. Both actions challenge a drug conviction for which the sentence was enhanced under the Three Strikes Law; both mention the sentence as being a 25-to-life sentence; and, most tellingly, both mention that the conviction was affirmed on appeal on January 29, 1999. *Compare* Petition (docket # 6) at 2 and 8 *with* Case No. C 05-0019 RMW Order of Dismissal (docket # 47) at 2.

was dismissed as barred by the statute of limitations which constitutes a disposition on the merits. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005).

Juarez has not obtained an order from the Ninth Circuit permitting the filing of a second or successive petition. This court will not entertain a new petition from Juarez until he first obtains permission from the Court of Appeals for the Ninth Circuit to file such a petition. This action is DISMISSED without prejudice to Juarez filing a petition in this court after he obtains the necessary order from the Court of Appeals for the Ninth Circuit.

If Juarez wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this court. In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2244(b).

Juarez attached to his petition several letters responding to requests he had made to the FBI and U.S. Department of Justice under the Freedom of Information Act, *see* 5 U.S.C. § 552, who had denied his FOIA requests on the ground that they had no records responsive to his requests because his requests were for state government records. If Juarez wants to file an action under FOIA, he must file a new civil complaint; a habeas petition is not the appropriate vehicle to assert a FOIA claim. Juarez is cautioned that, if he is in search of state records, a FOIA action will not be of any

///
///
///
///
///
///

benefit to him because FOIA generally applies only to agencies of the executive branch of the federal government, 5 U.S.C. § 552(e), and does not apply to state agencies, *St. Michaels Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981).

Petitioner's *in forma pauperis* application is **DENIED**. (Docket # 4.)

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 14, 2011

_____
EDWARD M. CHEN
United States District Judge